UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20507-MGC

UNITED STATES OF AMERICA

v.

**OSMEL TORRES, et al.**

     Defendants.
_____/

**UNITED STATES OF AMERICA'S FIRST
RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files its first response to the Standing Discovery Orders entered into for Defendants Torres, Fleitas, Diaz Gonzalez, Graveran, Bordas, Fernandez Hernandez, Rivera, and Fernandez (*see* D.E.s 32, 33, 38, 40, 41, 42, and 43).[1] This response complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    Attached are any and all known written statements made by the defendants in this case to witnesses and other persons. Note that computers, electronic storage devices, and electronic media in the government's possession contain additional statements of these defendants. As the undersigned has conveyed to defense counsel, the information obtained from the various cellular devices seized and searched in this case, which belong to named defendants, will be provided in the second batch of discovery (given its volume). Further, these items and statements contained therein will be made available to defense counsel at a discovery conference as set forth in paragraph 5. below.

           2.    Attached are any and all oral statements made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial. In addition, any audio and/or video recordings of said statements are provided herein. Any reports associated with the audio and/or video

---

[1] Given the volume of discovery in this case, all defense counsel, with the exception of counsel for Defendants Pujol and Urrutia, who were just appointed on June 29, 2018, were asked, on June 25, 2018, to provide a TB external hard drive to the Government, for the transfer of the first (and most voluminous) batch of discovery. All, except for counsel for Defendant Nieves Reyes, Manuel Vazquez, provided the drives to the Government by June 29, 2018. Mr. Vazquez has advised that he will provide a drive to the Government the week of July 9, 2018, at which time the first batch of discovery will be provided to his client.

recordings of any oral statements are merely summary documents, and do not provide a verbatim account of the defendants' statements. Counsel are advised to fully review the audio and/or video recordings, instead of relying on the summary reports.

      3.      No defendant testified before the Grand Jury.

      4.      The DAVID and NCIC records of the defendants, if available, are attached. The documents, if attached, have been appropriately redacted for personal identifying information.

      5.      Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the FBI office or at another agreed upon location. **Please call the undersigned AUSA to set up a date, time, and location that is convenient to both parties for a discovery and plea conference.**

The attachments to this discovery response are not copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. In order to review items containing any such depictions (such as the forensic analysis of the defendant's computers, electronic storage devices, and electronic media), defense counsel is advised to contact the undersigned Assistant United States Attorney in order to arrange a discovery conference.

      6.      Laboratory analysis reports of substances seized in connection with this case are pending. Once the DEA laboratory finalizes and produces those reports to the Government, the undersigned will in turn provide them to all defense counsel.

      B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

      C.      The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

      D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

      E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

      F.      No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

  G. The government has advised its agents and officers involved in this case to preserve any and all rough notes.

  H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

  You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

  I. The defendants are aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.  Any and all wiretapped, or TIII, recorded calls are included in this discovery response and attached hereto.  To the extent translations of the recorded calls have been provided, these are *rough* translations and have merely been provided to aid counsel and the defendants in reviewing the calls.  *Not all calls have been translated*.  If any of the rough translations are inaccurate, please immediately notify the undersigned AUSA.

  J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

  K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

  Please note: if there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed.  As usual, random samples will be set aside to be used as evidence at trial, but the kilograms of cocaine seized will not be preserved in full.

  L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

  M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of any of the defendants.

  N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

  O. The government will make every possible effort in good faith to stipulate to all facts

or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.   These stipulations will be discussed at the discovery conference.

    P.    At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant(s) and (their) defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Standing Discovery Order section B and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands Notice of Alibi for defense; the approximate time, date, and place of the offense was: SEE INDICTMENT.

The attachments to this response are reflected in the index to the discovery produced below:

**First Discovery Response:**

| Name | Date modified | Type | Size |
|---|---|---|---|
| Administrative Subpoenas-TORRES_0006-0010 | 6/26/2018 2:30 PM | File folder | |
| ATF ROI's-TORRES_0011-0099 | 6/28/2018 4:25 PM | File folder | |
| Cell Site from Tracking Warrants-TORRES_0100 | 6/27/2018 11:04 AM | File folder | |
| Complaint-TORRES_2655-2760 | 6/29/2018 4:34 PM | File folder | |
| Consent to Search(s)-TORRES_0154-0254 | 6/27/2018 11:05 AM | File folder | |
| Custodial Interviews-TORRES_0255-0262 | 6/28/2018 5:24 PM | File folder | |
| DAVIDs-TORRES_2761-2775 | 6/29/2018 4:36 PM | File folder | |
| Evidence Purchases-TORRES_0263-0309 | 6/28/2018 5:54 PM | File folder | |
| FBI Reports-TORRES_0310-0375 | 6/28/2018 5:58 PM | File folder | |
| GJ Subpoena Results-TORRES_0376-0960 | 6/28/2018 6:15 PM | File folder | |
| Historical Cell Site 305-515-0780 Torres-TORRES_0961 | 6/28/2018 6:26 PM | File folder | |
| Phone Related Orders-TORRES_2676-3269 | 6/29/2018 4:39 PM | File folder | |
| Search Warrants Executed on June 7, 2018-TORRES_0962-1709 | 6/29/2018 10:37 AM | File folder | |
| Search Warrants-TORRES_3270-3374 | 6/29/2018 4:43 PM | File folder | |
| Seizures-TORRES_1710-1728 | 6/28/2018 2:17 PM | File folder | |
| Subject Data-TORRES_1729-1778 | 6/28/2018 10:07 AM | File folder | |
| Subscribers-TORRES_1779 | 6/28/2018 3:15 PM | File folder | |
| Surveillance Pictures-TORRES_1780-2617 | 6/29/2018 12:02 PM | File folder | |
| TIII-TORRES_3375-3646 | 6/28/2018 3:23 PM | File folder | |
| Title III Calls-TORRES_2618-2654 | 6/26/2018 11:34 AM | File folder | |
| WD Discovery.exe | 9/19/2017 11:58 PM | Application | 140,818 KB |

The above is a depiction of the data provided on each of the external hard drives being

4

provided to defense counsel.  The title of each folder includes information as to how many total files (by bates numbers) are contained within the respective subfolders.  In total, bates numbers Torres_0001 – 3646 are being provided in this discovery response.  The undersigned anticipates the second batch of discovery will be produced within the next two weeks, and will encompass pole camera footage and data from the cellular devices seized and searched (that is, phone dumps).  As the undersigned has notified all counsel, a separate, 2 TB external hard drive must be provided to the Government for this second batch of discovery.

    Please contact the undersigned AUSA in the event that the external hard drives do not operate, or if any of the folders/subfolders do not contain the number of files listed or if you are unable to open any file.

        Respectfully submitted,

        BENJAMIN G. GREENBERG
        UNITED STATES ATTORNEY

By:    s/ Vanessa S. Johannes
        Vanessa Singh Johannes
        Assistant United States Attorney
        Court No. A5501644
        99 N.E. 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9023
        Fax: (305) 536-4699
        Vanessa.S.Johannes@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and all defendants, by and through their counsel, received a true and correct copy of said document via that manner. Further, counsel for Defendants Torres, Fleitas, Diaz Gonzalez, Graveran, Bordas, Fernandez Hernandez, Rivera, and Fernandez were notified that their external hard drives, containing the attachments hereto (that is, the first batch of discovery) is available for retrieval from the Government today, July 3, 2018. The undersigned is still awaiting an external hard drive from Manuel Vazquez, counsel for Defendant Nieves Reyes, in order to transfer discovery to her.

By:    s/ Vanessa S. Johannes
Vanessa Singh Johannes
Assistant United States Attorney
Court No. A5501644
99 N.E. 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9023
Fax: (305) 536-4699
Vanessa.S.Johannes@usdoj.gov

6