UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,

          CASE NO.: 18-20507-3 CR-GMC

    Plaintiff,

vs.

MIGUEL A. RODRIGUEZ LLITERAS,

    Defendant.     /

### MOTION FOR VARIANCE FROM THE ADVISORY GUIDELINE RANGE

Defendant MIGUEL A. RODRIGUEZ LLITERAS (LLITERAS) by and through undersigned counsel moves this Court for a downward variance from the Advisory Guideline Range.

### *Charges and Plea*

On November 13, 2018, LLITERAS entered a plea of guilty to Count One of the Indictment, charging him with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of *21 U.S.C. § 846*. Per the Plea Agreement Defendant and the government agreed that with regards to LLITERAS the amount of cocaine involved in the offense is between 3.5 and 5 kilograms of cocaine. (D.E. 162)

### *Presentence Report*

Relying on the United States Sentencing Guidelines, the Probation Office for the Southern District of Florida prepared a Pre-Sentence Report (PSR) in this case. (D.E. 205) and a final Addendum thereto (D.E.238). The PSR determined that Mr. LLITERAS meets the requirements of *U.S.S.G. § 5C1.2(a)* and that the total offense level is 25. According to the Probation Department the advisory guideline range is 57-71 months. Defendant filed objections to the PSR which were agreed to by the government,

1

challenging the quantity of narcotics attributable to the Defendant. (D.E 210). The correct Advisory Guideline range should be 46-57 months.

*Facts*

The facts of the case establish that during the first of half of 2018, several individuals conspired to possess cocaine with the intent to distribute it. Osmel Torres, who lived in Miami headed the conspiracy; his source(s) of supply were several, some local and some from Texas and elsewhere. Once Torres obtained the narcotics, he distributed it to various individuals in Miami, Florida. On or about December 20th, 2018, Mr. Torres entered a plea of guilty to Count I of the Indictment and accepted responsibility for possessing between 15 and 50 kilograms of cocaine.

During the pertinent period of the conspiracy, defendant LLITERAS resided in Houston, TX. In April and May 2018, he acted as a broker/middle man between Torres and one of Torres' sources of supply in Houston. He did so by conversing with Torres on the phone regarding the quantity, quality and price of the cocaine that was available for purchase by Torres, from the Houston source of supply.

LLITERAS total financial gain for his involvement in the conspiracy was between $3,000 and $4,000,

### REQUEST FOR VARIANCE UNDER 18 U.S.C. §3553(a)

A few days after his arrest Mr. LLITERAS decided to cooperate in the government's investigation of this case. As a result, he was debriefed by government agents and AUSA Cervantes on three occasions. During those interviews the defendant a-) provided information to the government about details known to him regarding the cocaine distribution from Texas to Miami, b-) identified individuals on recorded phone

calls, c-) clarified and explained several of the intercepted conversations and d-) provided detailed evidence of wrongdoing by some of the individual(s) that were the source of the cocaine delivered to Torres from Houston, Texas.   By all accounts the information provided in the debriefing was useful, truthful, thorough and forthright, however, no Indictments or arrests have resulted from defendant's proffered evidence.   According to the government the investigation of this case is ongoing, so notwithstanding the defendant's cooperation it will not file a 5K1.1 Motion for Reduction of sentence. Additionally, the government is unable to state with certainty and clarity when -it will or will not- make a final decision regarding whether it considers the defendant's cooperation substantial enough to merit a Rule 35 Motion to Reduce sentence.

Throughout the years Courts in the United States have rightly recognized that cooperation with law enforcement is particularly relevant in a sentencing procedure. Congress has done so as well.  See *18 USC §3553(e)*, and *28 USC § 994(n); USSG §5K1.1*.  Reductions of sentences are granted by courts even in cases involving drugs, firearms and violence or threats thereof.    *U.S. v. Mathews 431 F. 3d 1296 (11th Cir. 2005)*.   In determining an appropriate sentence courts can consider defendant's cooperation with the government as an *18 USC §3553(a)* factor, even if the government has not filed a 5K1.1 Motion for a downward departure.  *United States v. Terry, 494 Fed. Appx. 991 (11th Cir. 2012); United States v. Landron-Class, 696 F.3d, 62, 66 (1st Cir. 2012); United States v. Knox, 573 F.3d 441 (7th Cir. 2009); United States v. Fernandez, 443 F.3d 19 (2nd Cir. 2006).*

In its decision, as to what sentence it imposes in this case, Defendant respectfully points out that Federal Sentencing law since *United States v. Booker, 543 U.S. 220,*

*(2005)* has resuscitated judicial discretion regarding punishment, and that parsimony and reasonableness are now the key concepts in federal sentencing. Thus, the United States Sentencing Guidelines must be subordinated by operation of law to a more parsimonious status resulting in a sentence "not greater than necessary". See *18 U.S.C. §3553(a).* The court must of course consult the guidelines and arrive at a guideline range, however, that range is no longer presumed reasonable per se. *Rita v. United States, 551 U.S. 338 (2007); Nelson v United States, 129 S. Ct 890 (2009).* The court must consider what sentence is appropriate for the individual defendant considering the statutory sentencing factors contained in *18 U.S.C. §3553(a).*

Legislative history indicates that both the House and the Senate insisted that the principle of parsimony be a part of federal sentencing. Indeed, it is codified in *18 U.S.C. §3553(a)* which in its preamble states that "the court shall impose a sentence sufficient, but not greater than necessary to [achieve the purpose of sentencing]". Though neglected for years under the mandatory guideline rule, the Supreme Court's recent sentencing decisions have breathed new life into this principle, which as explained by Professor Berman, the nation's leading academic authority on sentencing, means that:

> The federal Sentencing Reform Act includes a parsimony provision through its instructions to judges in 18 USC §3553(a) that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of punishment] set forth in [the Sentencing Reform Act], [fn 222] and provisions of some other Modern state sentencing systems might also be said to reflect parsimony principles [fn 223] Though the federal parsimony provision received little attention during the first fifteen years of federal guidelines sentencing, [fn 224] the Booker remedy now makes the federal parsimony provision a more central part of the federal sentencing enterprise, and the lower courts already are grappling thoughtfully with this important concept in federal sentencing. [fn 225]. It might be said also that the Apprendi Blakely rule, by allowing an increase to available punishments only based on jury determinations

4

> and proof beyond a reasonable doubt, also reflects a particular procedural commitment to parsimony principles.

Douglas A. Berman, *Reconceptualizing Sentencing, U. CHI. L. FORUM 1, 48 (2005) (footnotes omitted)*. It is this parsimony provision that now serves as "the guidepost for sentencing decisions post Booker". *United States vs. Ferguson, 456 F. 3d 660, 667 (6th Cir. 2006)* and the one that this Court should focus on regarding Mr. OROZCO.

After *Booker* and *Gall* the Advisory Sentencing guidelines are only one of seven equally important factors the Court must consider in determining a sentence that is "sufficient", but not greater than necessary," to comply with the purpose set forth in *§3553(a)(2)*. That factor as well as the rest of the factors under *§3553* would be fully satisfied by a below the advisory guidelines sentence in this case.

## CONCLUSION

Mr. LLITERAS has been incarcerated for approximately 7 months; he made a good faith effort to cooperate in this case and helped the government's investigation. Simple fairness dictates that his cooperation should be considered and recognized by this court as it imposes sentence, especially since there is no guarantee that the government will ever do so. Courts in our district differ with respect to the amount of reduction it will grant a defendant for his/her cooperation, however, the standard "consensus" reduction hovers around a 33% reduction from the low end of the advisory guideline range. A downward variance of 33% from the advisory guideline range is appropriate in this case. It will reflect the seriousness of the offense, promote respect for the law and provide just punishment for Mr. LLITERAS.

The court should grant a variance from the suggested guideline range and sentence Mr. LLITERAS to a period of 30 months incarceration.

5

Respectfully submitted,

MIGUEL DEL AGUILA, P.A.
6161 Blue Lagoon Dr., Suite 400
Miami, Florida 33126
Tel:  305/267-4665
Email: delaguilalaw@aol.com
Florida Bar No.:  0232033


BY:  _Miguel del Aguila_____
     MIGUEL DEL AGUILA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February 2019, a true and correct copy of the above and foregoing has been furnished to the Clerk of this Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_Miguel del Aguila____
MIGUEL DEL AGUILA