UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20507-CR-COOKE

UNITED STATES OF AMERICA,

vs.

MIGUEL A. RODRIGUES LLITERAS,

    Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(1)(A)(i)

THIS MATTER is before me on Defendant's Motion to Reduce Sentence Pursuant to Title18 U.S.C. § 3582 (c)(1)(A)(i) (the "Motion") (ECF No. 287). The United States opposes release. ECF No. 296. For the reasons discussed below, the Motion is **DENIED**.

On February 13, 2019, Defendant was sentenced to 46 months of imprisonment for conspiracy to possess with intent to distribute cocaine, followed by a 3-year term of supervised release. *See* ECF No. 246.

In opposition to the Defendant's Motion, the Government argues that, based on the definition of "extraordinary and compelling reasons" no extraordinary or compelling circumstances warrant a reduction. ECF No. 296. First, the Defendant argues that his cooperation with the government prior to sentencing should allow a reduction of sentence. Although the policy statement defining extraordinary and compelling reasons existed prior to the revisions to the compassionate release statute, the policy statement does provide guidance to the court. There appears no indication that cooperation with the government alone is a factor for the court to consider in evaluating release for compassionate release purposes.[1]

---

[1] Pursuant to the Sentencing Guidelines, Section 5K1.1. provides that the Government may make a motion prior to sentence informing the court of the Defendant's substantial cooperation and recommending a reduction in sentence. Subsequent to

The Government agrees that the Defendant's diabetes and hypertension "elevat[e] an individual's risk of becoming seriously ill from COVID-19." ECF No. 296 at 18. However, the Government contends, and the Court agrees, that the Section 3553(a) factors warrant denial of the motion.

The Defendant was a supplier of approximately four kilos of cocaine to the main target within the conspiracy. ECF No. 163. He has only served 27 months in custody for his role in this conspiracy. The other supplier in this case was sentenced to 30 months in prison. To reduce this Defendant's sentence results in a disparate sentence for similar conduct.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion (ECF No. 287) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 23rd day of November 2020.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*

---

sentence, Rule 35 governs this process. Both motions are within the discretion of the United States.